Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000562
11-FEB-2019
08:01 AM

NO. CAAP-17-0000562

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BERNARTITA MOSES, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 14-1-0030 (CR. NO. 06-1-1855))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Petitioner-Appellant Bernartita Moses (Moses) appeals from the Circuit Court of the First Circuit's (Circuit Court) May 24, 2017 "Findings of Fact, Conclusions of Law, and Order Denying Petition for Post Conviction Relief" (FOF/COL/Order).[1] After a hearing, the Circuit Court denied Moses's Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Rule 40 Petition).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Moses's points of error as follows, and affirm.

---

[1] The Honorable Colette Y. Garibaldi presided.

Moses argues the Circuit Court erroneously denied her Rule 40 Petition because she proved that her change of plea fromnot guilty to guilty was not voluntary, intelligent, and knowing where her attorney, Deputy Public Defender Jeffrey Ng (DPD Ng), provided ineffective assistance by misinforming her of the immigration consequences of pleading guilty. Related to these arguments is Moses's contention that in the FOF/COL/Order, Conclusion of Law (COL) 20[2] is wrong. We hold COL 20 is not wrong and the Circuit Court did not err by denying Moses's Rule 40 Petition.

Moses, a non-United States citizen from Micronesia, was charged with Theft in the Second Degree. She initially pleaded not guilty but changed her plea to guilty. After she was convicted and sentenced to probation, the Executive Office of Immigration Review ordered her removal from the United States to the Federal States of Micronesia. In her Rule 40 Petition, Moses claimed DPD Ng misadvised her if her "sentence was a Probation or deferral, because [she] was residing in [Hawai'i] for more than 5 years, that because all of family was here in the US, and because the offense was not a violent offense, that [she] was not going to be deported." She also claimed DPD Ng never told her relief from deportation would be unavailable if she pleaded guilty. After holding an evidentiary hearing, at which DPD Ng testified, the Circuit Court found Moses failed to demonstrate DPD Ng misadvised her of the immigration consequences of her plea, or her plea was invalid, and denied the Rule 40 Petition.

It is uncontested that the holdings in Padilla v. Kentucky, 559 U.S. 356, 369 (2010), are inapplicable because Padilla was decided after Moses's conviction became final, and as the United States Supreme Court held in Chaidez v. United States,

---

[2] COL 20 provides:

Accordingly, based on a review of the entire record, including the exhibits admitted into evidence and testimony given on April 5, 2017 at the [Hawai'i Rules of Penal Procedure] Rule 40 evidentiary hearing, this court finds that [Moses] has not met her burden to prove by a preponderance of the evidence that she was deprived the effective assistance of counsel and also finds that she voluntarily, intelligently and knowingly entered her change of plea.

568 U.S. 342, 352-54 (2013), Padilla cannot be applied retroactively to convictions that became final before March 31, 2010, when Padilla was decided. Cun-Lara v. State, 126 Hawai'i 541, 273 P.3d 1227 (2012), in which the Hawai'i Supreme Court applied the holding in Padilla to a 2007 conviction, before Chaidez was decided, is inapplicable in light of Chaidez.

Moses cites United States v. Kwan, 407 F.3d 1005, 1008-09, 1015-16 (9th Cir. 2005), abrogated on other grounds by Padilla, to support her argument. However, Kwan is distinguishable on its facts.

In this case, the Circuit Court found, and Moses does not contest, that DPD Ng testified he did not recall his specific advice to Moses regarding her change of plea and its immigration consequences, but it was his standard operating procedure as an employee of the Office of the Public Defender to inform all non-citizen clients that they could be deported, denied naturalization or denied re-entry into the United States, and to the best of his recollection, he advised Moses of these potential consequences if she pleaded guilty; and "he would not advise a non-United States citizen that defrauding the government of over $10,000 would not result in deportation." Further, as the court found, and Moses does not dispute, in a Declaration, DPD NG averred "at no time did [he] ever advise any non-citizen client, including [Moses] that a criminal conviction would not result in his or her deportation." The Circuit Court found DPD Ng's testimony was credible, and we decline to pass upon the Circuit Court's credibility determination. See Briones v. State, 74 Haw. 442, 464, 848 P.2d 966, 977 (1993).

Further, the Circuit Court's unchallenged, on-the-record colloquy, coupled with Moses's acknowledgment on the change of plea form, demonstrates Moses was aware of the possible

immigration consequences of pleading guilty.  State v. Cornelio, 68 Haw. 644, 646, 727 P.2d 1125, 1127 (1986).

Therefore, IT IS HEREBY ORDERED that the Circuit Court of the First Circuit's May 24, 2017 "Findings of Fact, Conclusions of Law, and Order Denying Petition for Post Conviction Relief" is affirmed.

DATED:  Honolulu, Hawai'i, February 11, 2019.

On the briefs:

Michael J. Park,
for Petitioner-Appellant.

Paul R. Mow,
Deputy Attorney General,
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge